**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

ADRIAN GUY; GABRIELLE GUY;                                                                         PLAINTIFFS
and ESTELLA GUY

v.                                      No. 3:13CV00229 JLH

STATE FARM AUTOMOBILE
INSURANCE COMPANY; and
WELLS FARGO BANK, N.A.                                                                              DEFENDANTS

**OPINION**

This is the second action that Adrian Guy, Gabrielle Guy, and Estella Guy have commenced in the Circuit Court of Crittenden County, Arkansas, against State Farm Mutual Automobile Insurance Co., alleging, among other things, that State Farm breached its insurance contract when it denied a claim for theft of an automobile insured by State Farm. In both instances, State Farm removed the action to this Court.[1] In the earlier action, the Court denied the Guys' motion to remand, granted partial summary judgment in favor of State Farm, and granted the Guys' motion to dismiss the remaining claims without prejudice. Now the Guys have moved to remand this action. The resolution of the motion to remand depends on whether the jurisdictional amount for federal diversity jurisdiction is met.

The Guys' complaint in the earlier action alleged counts of breach of contract, bad faith, and fraud. The prayer for relief sought punitive damages in addition to compensatory damages and the statutory penalty of twelve percent pursuant to Ark. Code Ann. § 23-79-208, attorneys' fees, and costs. The allegations in the complaint in the instant action are substantially the same, except that the

---

[1] The earlier action was Case No. 3:10CV00255-JMM.

bad faith and fraud claims have been omitted and replaced by a claim for negligence,[2] and the prayer for relief omits any claim for punitive damages. The complaint does not state the amount that the Guys are claiming as damages, but it does state that the amount is less than the amount required for federal diversity jurisdiction for each plaintiff. State Farm contends that the Guys are still asserting claims for bad faith and fraud and still seeking punitive damages but are doing so surreptitiously in order to avoid exceeding the minimum amount for federal diversity jurisdiction. In response, the Guys point out that this Court granted partial summary judgment on the bad faith claim in the earlier action and, according to the plaintiffs, therefore disposed of any claims for punitive damages; and they have expressly disclaimed any claim for punitive damages.

The amount in controversy is determined by examining "the situation at the time of removal." *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). In reviewing a motion to remand, the Court must resolve all doubts in favor of remand to state court. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The party seeking to invoke federal jurisdiction has the burden of proving that the requisite amount in controversy has been met. *Hatridge*, 415 F.2d at 814. When the complaint "alleges no specific amount of damages or an amount under the jurisdictional minimum," the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is met. *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003); *see also James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005); *Haynes v. Louisville Ladder Grp., LLC*, 341

---

[2] The negligence count seems to allege negligence in the investigation of the claim and defamation. Arkansas does not recognize a tort of negligent investigation of a claim. *First Marine Ins. Co. v. Booth*, 317 Ark. 91, 95, 876 S.W.2d 255, 257 (1994); *Aetna Cas. & Sur. Co. v. Broadway Arms*, 281 Ark. 128, 133, 664 S.W.2d 463, 465 (1984).

F. Supp. 2d 1064, 1066-67 (E.D. Ark. 2004); *Moriconi v. AT & T Wireless PCS, LLC*, 280 F. Supp. 2d 867, 878 (E.D. Ark. 2003); *Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001, 1007 (W.D. Ark. 1996).

Rule 8(a) of the Arkansas Rules of Civil Procedure provides, in pertinent part, "In claims for unliquidated damage, a demand containing no specified amount of money shall limit recovery to an amount less than required for federal court jurisdiction in diversity of citizenship cases, unless language of the demand indicates that the recovery sought is in excess of that amount." The Reporter's Notes to Rule 8 say, "The obvious purpose of this section is to prevent a plaintiff from using unliquidated demands to avoid removal of diversity of citizenship cases to federal court." *See also Interstate Oil & Supply Co. v. Troutman Oil Co.*, 334 Ark. 1, 5, 972 S.W.2d 941, 943 (1998) (recognizing this portion of the Reporter's Notes as an accurate statement of the rule's purpose); *Cox v. Vernon*, 94 Ark. App. 112, 114, 226 S.W.3d 24, 26 (2006).

While state rules of civil procedure do not determine federal jurisdiction, *Haynes*, 341 F. Supp. 2d at 1068, the plaintiffs are the masters of their complaint and may limit their claims to avoid federal jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S. Ct. 586, 593, 82 L. Ed. 2d 845 (1938) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove"). "[T]he key characteristic about those stipulations is that they are legally binding on all plaintiffs." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350, 185 L. Ed. 2d 439 (2013). "We note the potential availability of judicial estoppel arguments by the defendants should the plaintiffs in the future change legal positions in an attempt to achieve an award in excess of [the minimum amount for federal jurisdiction]." *Morgan v. Gay*,

471 F.3d 469, 477 n.9 (3rd Cir. 2006). The Supreme Court of Arkansas recognizes the doctrine of judicial estoppel. *Dupwe v. Wallace*, 355 Ark. 521, 533-34, 140 S.W.3d 464, 471-72 (2004). Judicial estoppel in Arkansas requires the following elements:

> 1. A party must assume a position clearly inconsistent with a position taken in an earlier case, or with a position taken in the same case;
>
> 2. A party must assume the inconsistent position with the intent to manipulate the judicial process to gain an unfair advantage;
>
> 3. A party must have successfully maintained the position in an earlier proceeding such that the court relied upon the position taken; and
>
> 4. The integrity of the judicial process of at least one court must be impaired or injured by the inconsistent positions taken.

*Id*.

Here, the plaintiffs have expressly disclaimed a claim for fraud or bad faith and any claim for punitive damages, and they have done so over the signature of a lawyer who represents all of them. *Cf. Entertainer, Inc. v. Duffy*, 2012 Ark. 202, at 6, 407 S.W.3d 514, 518 (2012) (a client is generally bound by the acts of his counsel). The complaint does not specify an amount of damages that the plaintiffs are seeking, other than to say that it is less than the minimum amount for federal diversity jurisdiction, but in their brief provided the following estimate of the damages that they reasonably could expect to recover:

> (a) $25,000 for the pickup truck;
>
> (b) $5,000 for the loss of the use of the pickup truck for a reasonable amount of time needed to find a replacement vehicle;
>
> (c) $10,000 for damage to Adrian's reputation;
>
> (d) $4,800 for the statutory twelve percent penalty; and

  (e) attorneys' fees of $14,933 (one-third of $44,800).

While these amounts are not specified in the complaint, neither are they inconsistent with anything alleged in the complaint. More importantly, State Farm has the burden of proving that the amount in controversy exceeds the minimum amount for federal diversity jurisdiction, and State Farm has offered nothing to show that these estimates presented by the plaintiffs are unreasonable estimates of the amounts that could be claimed based upon the allegations in the complaint. If, on remand, the plaintiffs seek punitive damages or other damages that would cause the amount claimed to exceed the minimum amount for federal jurisdiction, all of the elements of judicial estoppel as recognized by the Supreme Court of Arkansas would be present.

  Consequently, State Farm has not met its burden of proving that the amount in controversy exceeds the minimum amount for federal jurisdiction. Therefore, plaintiffs' motion to remand is granted. Document #12.

  IT IS SO ORDERED this 12th day of December, 2013.

               */s/ J. Leon Holmes*
               _____
               J. LEON HOLMES
               UNITED STATES DISTRICT JUDGE